**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**AT PADUCAH**

**JARED THOMAS KENNEDY**                                                                                 **PLAINTIFF**

**v.**                                                           **CIVIL ACTION NO. 5:21CV-P134-TBR**

**AARON ACREE** *et al.*                                                            **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

Plaintiff Jared Thomas Kennedy filed the instant *pro se* 42 U.S.C. § 1983 action. This matter is before the Court upon an initial review of the complaint pursuant to 28 U.S.C. § 1915A. For the reasons set forth below, the Court will dismiss Plaintiff's claims against Defendants in their official capacities and give Plaintiff an opportunity to amend the complaint.

### I. SUMMARY OF FACTUAL ALLEGATIONS

Plaintiff was a pretrial detainee at the Christian County Jail at the time he filed the complaint. He has since been released from incarceration and has paid the filing fee for this action. He sues Aaron Acree and Gary Hicks, identified as "Sheriff[s]" in Trigg County, Kentucky, and Micah Kaminski, identified as a police officer with the Cadiz Police Department. He sues each Defendant in his official capacity only.

Plaintiff states that on September 20, 2020, "after a 2 mile 36 mph pursuit, I arrived in my driveway" and that "[u]pon stopping vehicle I immediatly exited vehicle complying with sheriffs orders. I was then grabbed and thrown to ground and beaten excessively, in temple, back and legs. Then handcuffed and taken to hospital. Recieving eye contusion, and excessive brusing aggrivating prior back injury."

As relief, Plaintiff seeks punitive damages, medical treatment for his back, and injunctive release in the form of release from incarceration.

## II. STANDARD

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the complaint, or any portion of it, if the court determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).[1]

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). "A pleading that

---

[1] Even though Plaintiff has now been released from incarceration and has paid the filing fee, "[a] plaintiff's status as a 'prisoner' under [28 U.S.C. § 1915] turns on whether the inmate was confined when suit was filed." *Lapine v. Romanowski*, No. 15-cv-11362, 2015 U.S. Dist. LEXIS 76056, at *2-3 (E.D. Mich. June 12, 2015) (citing *Jaros v. Ill. Dep't of Corr.*, 684 F.3d 667, 669 n.1 (7th Cir. 2012)). Because Plaintiff was a prisoner when the suit was filed, the Court must conduct an initial review of the complaint pursuant to § 1915A.

offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557).

### III. ANALYSIS

#### *A. Official-capacity claims*

"Official-capacity suits . . . 'generally represent [] another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (quoting *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 n. 55 (1978)) Therefore, the official-capacity claims against Defendants are actually brought against their employers—for Acree and Hicks, that is Trigg County, and for Kaminski, that is the City of Cadiz. *Kentucky v. Graham*, 473 U.S. at 165. When a § 1983 claim is made against a municipality, this Court must analyze two distinct issues: (1) whether Plaintiff's harm was caused by a constitutional violation; and (2) if so, whether the municipality is responsible for that violation. *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 120 (1992).

In regard to the second component, a municipality cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation. *Monell*, 436 U.S. at 691; *Deaton v. Montgomery Cty., Ohio*, 989 F.2d 885, 889 (6th Cir. 1993). To demonstrate municipal liability, a plaintiff "must (1) identify the municipal policy or custom, (2) connect the policy to the municipality, and (3) show that his particular injury was incurred due to execution of that policy." *Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003) (citing *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993)). The policy or custom "must be 'the moving force of the constitutional violation' in order to establish the liability of a government body under § 1983."

*Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994) (quoting *Polk Cty. v. Dodson*, 454 U.S. 312, 326 (1981) (citation omitted)).

Plaintiff does not allege that Defendants acted pursuant to a policy or custom of either Trigg County or the City of Cadiz in causing him harm. Accordingly, his official-capacity claims must be dismissed for failure to state a claim upon which relief may be granted.

### *B. Injunctive relief*

Plaintiff has already been released from custody, but even if he had not, "when a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). Thus, immediate or speedier release is not an available remedy in this § 1983 action. Accordingly, Plaintiff's request for injunctive release will be dismissed for failure to state a claim upon which relief may be granted.

### *C. Opportunity to amend*

Upon consideration, the Court will give Plaintiff an opportunity to file an amended complaint suing Defendants in their individual capacities. *See LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013) ("[U]nder Rule 15(a) a district court can allow a plaintiff to amend [her] complaint even when the complaint is subject to dismissal under the [Prison Litigation Reform Act]."). Plaintiff must make specific allegations against each Defendant and describe how each allegedly violated his rights.

## IV. CONCLUSION AND ORDER

For the foregoing reasons, **IT IS ORDERED** that Plaintiff's official-capacity claims and request for injunctive relief are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

**IT IS FURTHER ORDERED** that within **30 days** from the entry date of this Memorandum Opinion and Order, **Plaintiff may file an amended complaint** suing Defendants in their individual capacities, making specific allegations against each Defendant, and describing how each allegedly violated his rights.

**The Clerk of Court is DIRECTED** to send Plaintiff a 42 U.S.C. § 1983 complaint form packet with this case number and the word "Amended" written in the caption.

Should Plaintiff fail to file an amended complaint within the allotted amount of time, **Plaintiff is WARNED that this action will be dismissed for failure to state a claim upon which relief may be granted for the reasons set forth herein**.

Date: June 20, 2022

*[signature: Thomas B. Russell]*

Thomas B. Russell, Senior Judge
United States District Court

cc: Plaintiff, *pro se*
    Defendants
4413.010